UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Phillip Carr,

                              Plaintiff,

-against-

Superintendent Michael Kirkpatrick,

                             Defendants.



No. 20 Civ. 7820 (CM) (OTW)

## ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING PETITIONER'S APPLICATION FOR A WRIT OF HABEAS CORPUS

McMahon, J.:

    The court has reviewed the Report and Recommendation prepared by The Hon Ona T. Wang (Dkt. #22), and the Objections filed thereto by Petitioner's counsel (Dkt. # 25).

    It is my understanding that the only claim Petitioner is pressing is a claim that his counsel provided constitutionally ineffective assistance by failing to object to the introduction of certain unredacted plea minutes into evidence—specifically, to the unredacted plea minutes of cooperating witness Angel Rivas, Jr., who testified against him at trial. During Rivas' plea colloquy, the judge taking the plea reminded Rivas that there was a serious risk involved in cooperating because the individuals [sic] who were being prosecuted "have already killed somebody and shot two other people." (R&R at 5). The same judge, in taking the plea of a different cooperator, Alvin Ortiz, used different language; she reminded Ortiz that he would be required to testify "regarding the death of Felix Delvalle and two other individuals as to an attempted murder" and said, "You will be required….to stand up in court and testify against the individual who is charged with murdering somebody."

    Defense counsel urged the jury to read the plea minutes (which he had used to cross examine the two cooperators) during their deliberations, and the jurors asked that the minutes be sent back to them during deliberations, together with other evidence. Defense counsel did not, however, ask that anything be redacted from the plea minutes before they were sent back or object to the fact that they were being sent back without redaction.

    I agree with the learned Magistrate Judge that defense counsel's failure to seek redaction or to object to the sending back of unredacted minutes does not rise to the level of a constitutional deficiency. First of all, to the extent that the ineffective assistance claim rests on

any failure to redact Ortiz's plea minutes, they contain nothing objectionable. And while the judge who took Rivas' plea undoubtedly should have said that the individuals [sic] who were being prosecuted "*is accused of* killing somebody and shooting two other people," (emphasis added), defense counsel's failure to seek redaction of the offending language does not rise to the level of constitutional error. There is simply no way to conclude that "but for" the jury's viewing of that remark, petitioner would have been acquitted. In addition to Rivas, two other persons (Ortiz and Santiago) identified him as the shooter, and their identification was corroborated by strong circumstantial evidence.

      For this reason, I overrule the objections, accept the report and recommendation, and adopt the report as the opinion of the court.

      As the petitioner has not made a substantial showing of the denial of a constitutional right. I decline to issue a certificate of appealability, per 28 USC Sect. 2253. I certify that any appeal would not be taken in good faith.

      The Clerk of Court is directed to dismiss the petition and close the file.

Dated: July 10, 2025

                                                    U.S.D.J.

BY ECF TO ALL COUNSEL